IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-00355-01-CR-W-HFS |
| | ) | |
| ROBERT L. HENDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is scheduled for trial next week. I have previously denied a motion to suppress statements. 2006 WL 1520288. Still pending is a motion to suppress evidence of discovery of a firearm in defendant's motel room because of a warrantless search. (Doc. No. 39)[1] The transcript and briefing have been reviewed. The report and recommendation of Magistrate Judge Larsen has been reviewed and adopted.

The problem arises because the officer who discovered the firearm hidden in the bathroom area of the motel room erroneously assumed consent to a search had been given by the defendant, the occupant of the room. He had not done so, but law enforcement personnel had taken him into custody because of an outstanding warrant. Judge Larsen's rationale was that the motel's policy, which was unusually rigid because the managers were trying to clean-up its reputation, was that room occupancy rights terminate upon arrest of an occupant. Thus, when the search was made it was the view of management that defendant no longer had occupancy rights. Tr. 90-1. A Nebraska

---

[1]The previously ruling should have referred to Doc. No. 40.

ruling was cited for the proposition that occupancy rights terminated by management but unknown to the defendant can effectively eliminate the defendant's Fourth Amendment right of privacy. United States v. McClarty, 2003 WL 22119264 (D. Nebr.) In McClarty the defendant was a guest rather than the person in whose name the room had been rented. Although I acknowledge the result seems unusual, no Missouri case law is relied on by defendant and in any event Fourth Amendment law may not mirror a room tenant's occupancy rights under local law.[2]

I will accept the report and recommendation, with the further supposition that we probably have an "inevitable discovery" situation. There was proof that law enforcement was actively pursuing issues of criminal misconduct at the motel. If the officer had waited for the arrest to be completed, and management to take actively over the room, it seems probably that she or other officers would have searched the room when only the motel owner's rights were arguably involved. Suspicion had been aroused by toilet flushing before the door was opened to admit law enforcement personnel. While the firearm was not in plain view discovery could not long be avoided by someone looking for contraband.

Even if search for a firearm would not necessarily have been undertaken subsequent to the arrest, an examination of the premises for drugs was very likely. Drugs could have been hidden in the manner that the firearm was hidden. Although the possibility of distraction by other duties might have frustrated the discovery until prior possession could not be established, this is speculative–more

---

[2] The motel management was not certain defendant had been informed of the policy that an arrest terminates room rental rights, and the management was not in fact aware of the arrest. If the guest automatically lost his rights in McClarty it would seem that this defendant is in like status.

2

so, I should think, than a failure to make a prompt search similar to the one that disclosed the firearm. Compare United States v. Warford, 439 F. 3d 839, 844 (8th Cir. 2006).

      The motion to suppress evidence is therefore DENIED.

                                     /s/ Howard F. Sachs
                                     HOWARD F. SACHS
                                     UNITED STATES DISTRICT JUDGE

June 12, 2006

Kansas City, Missouri

3

Case 4:05-cr-00355-HFS   Document 73   Filed 06/12/06   Page 3 of 3